**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WISKENDY FRANCOIS,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Acting Attorney General, Department of Justice;

Respondents.

Case No.: 3:26-cv-02556-BTM-GC

**ORDER DENYING IN PART AND DISMISSING IN PART PETITION FOR HABEAS CORPUS**

**[ECF NO. 1]**

On December 15, 2025, Wiskendy Francois petitioned the Court for a writ of habeas corpus. *See Francois v. Warden*, No. 25-cv-03635, 2026 WL 146627, at *1 (S.D. Cal. Jan. 20, 2026). He had been arrested on February 6, 2025, transferred to the custody of the Department of Homeland Security, and detained pursuant to 8 U.S.C. § 1226(a). *Id.* After he applied for release, an immigration judge ("IJ") held a bond hearing on March 18, 2026.

*Id.* The IJ denied Francois's request for bond, finding that—based on eight traffic-stop violations Francois had accumulated since 2021 and his capias-warrant history—he failed to show that he was not a public safety or bail risk. *Id.* Francois later requested bond redetermination hearings. In subsequent orders issued on May 13, June 27, and December 3, another IJ held that Francois failed to show a material change in circumstances required to reconsider his custody. (ECF No. 8-1, Ex. 2.) *See* 8 C.F.R. § 1003.19(e). Francois did not appeal these orders to the Board of Immigration Appeals ("BIA"). *Francois*, 2026 WL 146627, at *1. On habeas review, this Court denied in part and dismissed in part Francois's petition. *Id.* at *2–4. On April 22, 2026, Francois filed another petition for habeas corpus. (ECF No. 1 ("Pet.").) Since then, Francois was denied a bond redetermination hearing on May 13, 2026, and granted withholding of removal under the Convention Against Torture on June 5, 2026. (ECF No. 14-4, Ex. D ("May 2026 Denial"); ECF No. 13-1, Ex. A.) The Government appealed the grant of withholding to the BIA on July 1, 2026. (ECF No. 15.)

Francois advances several claims in this petition. First, he contends that his detention lasting beyond six months raises "constitutional concerns under the Due Process Clause of the Fifth Amendment." (Pet., 6.) Second, he claims that the Government has unreasonably delayed his individual hearing for asylum, subjecting him to "indefinite detention." (*Id.*) Third, he claims that the Government's "sole justification for detention" in his initial bond hearing was a dangerousness determination based on eight traffic violations. Because he has been cleared of those citations, he argues he is entitled to a new bond redetermination hearing. (*Id.*) He also argues that he has suffered irreparable harm in continued detention. (*Id.* at 7.)

The Government does not address the merits of Francois's petition. Instead, it argues that the Court should deny the petition because Francois has failed to "plead sufficient information" for his new claims or "establish changed circumstances" that show why the Court's previous order is "no longer valid." (ECF No. 8, at 3–4.) The Government also argues that the Court should dismiss the petition because Francois has failed to exhaust the administrative remedy of appealing the denials for a bond redetermination hearing to

the BIA. (*Id.* at 4.) The Court agrees with the Government and denies in part and dismisses in part this petition.

The Court finds that Francois's first claim of prolonged detention was adjudicated in the Court's previous order. Francois argues that *Zadvydas v. Davis*, 533 U.S. 678 (2001), established that "detention must be related to its purpose," yet his detention has become "punitive rather than regulatory." (Pet., 6.) As previously held, "Francois's detention is related to the purpose of his detention . . . 'assuring the alien's presence at removal.'" *Francois*, 2026 WL 146627, at *3 (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)). Because Francois does not present changed circumstances or new arguments for his prolonged detention claim, the Court denies it without prejudice.

Regarding the claim that the Government subjected Francois to indefinite detention by unreasonably delaying his individual merits hearing, it was held on May 13, 2026. Francois was denied asylum but granted withholding of removal. Thus, Francois was given an order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021) ("[T]he order of removal is separate from and antecedent to a grant of withholding of removal."). He is "not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *Prieto-Romero*, 534 F.3d at 1063 (quoting *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 347 (2005)). The Court finds that Francois's detention is not impermissibly indefinite at this stage and thus denies the claim without prejudice.

Before addressing the merits of Francois's bond redetermination claim, the Court must determine if he has exhausted his administrative remedies. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) ("Lower courts are . . . not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived."). "[A]s a prudential matter," the Ninth Circuit requires that "habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* at 997 (second alteration in original) (citation omitted). Here, Francois was required to appeal the denials of his request for a bond redetermination hearing to the BIA. *See* 8 C.F.R. § 1003.19(f). The Court may waive this prudential requirement if it finds that

"administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing*, 370 F.3d at 988).

The Court declines to waive exhaustion here. Francois argues that continued detention is causing irreparable harm to his specialized skills and community connections. (Pet., 7.) Yet he also states that he did not appeal the bond redetermination denials because the "BIA takes 6–12 months to rule." (*Id.* at 3.) Had Francois appealed the initial May 2025 denial or the subsequent three denials, the BIA may have issued a ruling before the Court and prevented his alleged injury. Francois instead pursued habeas review of the immigration court's denials ahead of his administrative appeal. "This short cut was improper." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Francois goes on to argue that he did not appeal because the "current administration's purge at the BIA" has made appeals futile. (ECF No. 11 ("The transformation from 60% to 97% pro-government outcomes—achieved through wholesale termination of one administration's appointees—speaks for itself.").) The Court is not persuaded by this general argument. "Although Petitioner presents some compelling statistics, the Court is not prepared to find that appeal to any BIA judge is necessarily futile." *Sharma v. Archambrault*, No. 26-cv-00513, 2026 WL 381611, at *2 (S.D. Cal. Feb. 11, 2026).

"[A] district court ordinarily should either dismiss the petition without prejudice or stay the proceedings" until administrative remedies are exhausted. *Leonardo*, 646 F.3d at 1161. Because Francois has not asked for a stay, the Court dismisses this claim without prejudice.

The Court notes that the IJ's most recent denial on May 13, 2026, stated that "the documents submitted were all filed in prior cases in similar requests." (May 2026 Denial.) On the merits, it appears unlikely that repeated submissions of the same documents would warrant a new bond determination. But Francois was recently granted withholding of removal under the Convention Against Torture. This may constitute a material change in

circumstances pursuant to 8 C.F.R. § 1003.19(e). Until a final order of removal is issued and the Government's removal period begins, Francois may "request another custody redetermination at any time." *Francois*, 2026 WL 146627, at *3; *see* 8 U.S.C. § 1231(a)(1); *Johnson*, 594 U.S. at 533 ("§ 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

In conclusion, Francois's first claim of prolonged detention and second claim of indefinite detention are **DENIED** without prejudice. His third claim that he is entitled to a bond redetermination hearing is **DISMISSED** without prejudice for lack of exhaustion.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Barry Ted Moskowitz
United States District Judge